JUSTICE TRIEWEILER
dissenting.
¶50 I concur with the majority’s conclusion that McDermott has not, by statute, been given a liberty interest in good time while on probation. However, I dissent from the majority’s conclusion that when he was denied good time credit in which others who were similarly situated had a liberty interest, his right to equal protection of the law was not violated.
¶51 First, I disagree with the majority’s conclusion that McDermott’s equal protection claim should be scrutinized for a rational basis. The majority reasons that because McDermott was not statutorily given good time in which others who are similarly situated have a liberty interest, he has no fundamental right, the denial of which requires strict scrutiny. However, the majority opinion misses the point. McDermott’s argument, with which I agree, is that because parolees have a liberty interest in good time credit and because, while on probation, his circumstances were no different than a parolee in any significant respect, he was denied a liberty interest when, by statute, he was treated differently than parolees. As the majority notes, strict scrutiny applies when a classification threatens a fundamental right. Aliberty interest is a fundamental right (see Art. II, §§ 3 and 17, Mont. Const.) and McDermott’s claim is that he has been denied a liberty interest in good time credit. The majoritys analysis is similar to concluding that if the Legislature passed a statute denying good time credit while on parole for people from Billings while permitting good time credit for people on parole who came from anywhere else, people from Billings would have no fundamental right at issue because the Legislature denied it. That makes no sense.
*476 ¶52 However, whatever the level of scrutiny, I find no support for the majority’s conclusion that there is any basis for treating probationers differently than parolees for purposes of good time credit. Both classes live outside prison walls. Both are under State supervision. And, the freedom of both classes is conditioned upon their behavior. Their circumstances are identical except that in the typical situation of the probationer, he or she has not yet served a prison term whereas a parolee presumably has served time in prison.
¶53 The majority concludes that parolees and probationers are different for purposes of equal protection analysis because it is important to reduce the number of parolees and thereby the work necessary to supervise them. However, probationers are also supervised under identical circumstances and there is just as much to gain from reducing the time, work and resources necessary to supervise them.
¶54 As a second distinction, the majority notes that many trial courts do not want probationers to receive good time because they want them to serve the entire amount of time they have been given under probation. However, the same could be said for inmates at the state prison and people released early on parole. Trial courts have just as much interest in having those they have imprisoned serve the sentence imposed. However, under the statutory scheme in effect at the time that McDermott was sentenced, inmates could be paroled before completing their prison sentence and have their sentences further reduced based on their conduct while on parole.
¶55 The majority cites decisions from other jurisdictions which point out the interests the trial courts have in compelling faithful observance of probation conditions. However, every parolee has numerous conditions attached to his or her release from prison. Those conditions are equally important and possibly more so since the imprisoned offender was apparently deemed more dangerous than the probationer in the first place.
¶56 All of the majority’s reasons are distinctions without any difference.
¶57 Whether the Court correctly applies the strict scrutiny test, the intermediate level of scrutiny, or the meaningless rational basis test, I conclude that there has been no legitimate explanation offered by the Department of Corrections for treating probationers differently than parolees for purposes of awarding good time credit. Neither does the majority opinion offer a persuasive reason for the distinction.
¶58 For these reasons, I dissent from the majority’s opinion that McDermott’s right to equal protection under the law was not denied when the Legislature excluded probationers from the liberty interest granted to parolees in good time credit.